UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MICHAEL KAPPEL,

                Plaintiff,

                -against-

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

                Defendant.
-----------------------------------------------------------------x

Civil Action No.

**07 CIV. 6713**

<u>COMPLAINT</u>

Plaintiff Michael Kappel, by his attorneys Fried & Epstein LLP, for his complaint against defendant The Prudential Insurance Company of America, alleges as follows:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

2. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Under 29 U.S.C. § 1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is properly in this district pursuant to 29 U.S.C. § 1132(e)(2), in that the Plan as hereinafter defined is administered in this district and Defendant resides or may be found in this district.

4. Plaintiff was an employee of The Bank of New York Company, Inc.

5. Plaintiff was and is a participant or member, within the meaning of 29 U.S.C. § 1002(7), in The Bank of New York Company, Inc. Long Term Disability Plan (the "Plan").

6. The Plan is and has been an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1).

7. Defendant is and has been the named claims fiduciary within the meaning of 29 U.S.C. § 1002(21)(A).

8. On or about May 9, 1996, The Bank of New York Company, Inc. granted Plaintiff a short-term disability leave of absence and, thereafter, he started to receive disability benefits pursuant to New York State Disability Law.

9. On or about November 7, 1997, the Plan determined that Plaintiff was disabled.

10. On or about November 7, 1997, the Plan started to pay Plaintiff long-term disability benefits.

11. The Plan paid Plaintiff long-term disability benefits from on or about November 7, 1996 until on or about November 1, 2005.

12. On or about May 1, 2005, Defendant paid The Bank of New York Company, Inc. more than $16 million to administer and fund the Plan.

13. On or about November 1, 2005, Defendant ceased paying Plaintiff long-term disability benefits pursuant to the Plan.

14. By letter dated May 2, 2006, with the accompanying record, Plaintiff appealed, for the first time, Defendant's denial of long-term disability benefits.

15. Defendant denied Plaintiff's first appeal.

16. By letter dated January 17, 2007, with the accompanying and referenced record, Plaintiff appealed, for the second time, Defendant's denial of long-term disability benefits.

17. Defendant denied Plaintiff's second appeal.

18. Plaintiff has complied with and has exhausted all administrative appeals under the Plan.

## COUNT I

19. Under the terms of the Plan, a disabled participant or member is entitled to receive 60% of his monthly pay at the time of his disability, subject to a maximum of $10,000 per month.

20. From on or about May 9, 1996, Plaintiff has been and continues to be disabled, pursuant to the Plan.

21. Defendant's decision to cease paying Plaintiff long-term disability benefits pursuant to the Plan is unreasonable, contrary to the preponderance of the evidence, and/or arbitrary and capricious.

22. Upon information and belief, Defendant has a conflict of interest.

23. Upon information and belief, Defendant's decision to cease paying Plaintiff long-term disability benefits pursuant to the Plan was affected by its conflict of interest.

24. Under 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to recover the long-term disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

25. Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 above.

26. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to 29 U.S.C. § 1132(g)(1).

27. By reason of Defendant's decision to cease paying Plaintiff long-term disability benefits pursuant to the Plan, he has been forced to retain attorneys to recover such benefits, for which he has and will continue to incur attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant:

A. For the amount of all long-term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B. Clarifying and declaring that the Plan is obligated to pay Plaintiff long-term disability benefits in the future as required by the Plan;

C. For the costs of this action and Plaintiff's attorneys' fees; and

D. For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
July 26, 2007

FRIED & EPSTEIN LLP

By: /s/ John W. Fried
John W. Fried (JF 2667)

1350 Broadway, Suite 1400
New York, New York 10018
Tel: (212) 268-7111

*Attorneys for Plaintiff Michael Kappel*