UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MICHAEL KAPPEL,                                    :

                Plaintiff,            :      07 Civ. 6713 (SCR)

      - against -                                 :

                                    **ANSWER**

THE PRUDENTIAL INSURANCE COMPANY OF        :
AMERICA,
                                                   :
                Defendant.
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Defendant The Prudential Insurance Company of America ("Prudential" or "Defendant"), by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for its Answer to plaintiff's Complaint ("Complaint"), responds as follows:

### THE PARTIES

      1.    Defendant neither admits nor denies the allegations contained in paragraph "1" of the Complaint but refers the Court to the law cited therein.

      2.    Defendant admits the allegations contained in paragraph "2" of the Complaint.

      3.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint, leaves the Plaintiff to his proofs with respect thereto, and refers the Court to the law cited therein.

### JURISDICTION AND VENUE

      4.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint, leaves the Plaintiff to his proofs with respect thereto, and refers the Court to the law cited therein.

6. Defendant neither admits nor denies the allegations contained in paragraph "6" of the Complaint but refers the Court to the law cited therein.

7. Defendant neither admits nor denies the allegations contained in paragraph "7" of the Complaint but refers the Court to the law cited therein.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

- 3 -

13. Defendant admits that, on or about November 1, 2005, Plaintiff's long term disability benefits were terminated.

14. Defendant admits that Plaintiff appealed Defendant's denial of long-term disability benefits, and submitted an appeal letter dated May 2, 2006. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "14" of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

15. Defendant admits the allegations contained in paragraph "15" of the Complaint.

16. Defendant admits the allegations contained in paragraph "16" of the Complaint.

17. Defendant admits the allegations contained in paragraph "17" of the Complaint.

18. Defendant admits the allegations contained in paragraph "18" of the Complaint.

## COUNT I

19. Defendant neither admits nor denies the allegations contained in paragraph "19" of the Complaint but refers the Court to the documents referenced therein.

20. Defendant denies the allegations contained in paragraph "20" of the Complaint.

21. Defendant denies the allegations contained in paragraph "21" of the Complaint.

22. Defendant denies the allegations contained in paragraph "22" of the Complaint.

23. Defendant denies the allegations contained in paragraph "23" of the Complaint.

24. Defendant denies the allegations contained in paragraph "24" of the Complaint.

## COUNT II

25. Defendant repeats the responses contained in paragraphs "1" through "24."

26. Defendant denies the allegations contained in paragraph "26" of the Complaint.

27. Defendant denies the allegations contained in paragraph "27" of the Complaint.

PRAYER FOR RELIEF

A. Defendant denies the allegations of paragraph "A."

B. Defendant denies the allegations of paragraph "B."

C. Defendant denies the allegations of paragraph "C."

D. Defendant denies the allegations of paragraph "D."

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

At all relevant times, Defendant acted in good faith and fulfilled its duties and responsibilities to the Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

The cause of action set forth in the Complaint is barred by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Any and all actions taken by Defendant or its agents or employees in the administration of any insurance plan applicable to Plaintiff were taken in strict compliance in conformity with the terms, procedures, and requirements of said plan.

**FIFTH AFFIRMATIVE DEFENSE**

Any and all actions taken by Defendant or its agents or representatives in the administration of any employee benefit plan applicable to Plaintiff and other employees were taken in good faith and not in an arbitrary, capricious or unreasonable manner, or in a manner that would amount to an abuse of discretion.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to a trial by jury of the issues raised in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff may have breached other terms and conditions of the policies issued by Defendant to Plaintiff.

WHEREFORE, defendant The Prudential Insurance Company of America demands judgment against Plaintiff dismissing the Complaint, together with costs and disbursements of this action, and granting such other and further relief as this Court may deem just and proper.

Dated:   White Plains, New York
         August 21, 2006

                                    Respectfully submitted,

                                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


                                    By: /s/ Emily A. Hayes
                                        Fred N. Knopf (FNK 4625)
                                        Emily A. Hayes (EH 5243)
                                        *Attorneys for the Defendant*
                                        3 Gannett Drive
                                        White Plains, New York 10604
                                        (914) 323-7000

## CERTIFICATE OF SERVICE

    I hereby certify that on August 21, 2007, the foregoing Answer to Plaintiff's Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ _Emily A. Hayes_____
Emily A. Hayes (EH 5243)
3 Gannett Drive
White Plains, New York 10604-3407
Phone (914) 323-7000, Ext. 4165
Facsimile (914) 323-7001
emily.hayes@wilsonelser.com